UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| BELLSOUTH TELECOMMUNICATIONS, LLC d/b/a AT&T MISSISSIPPI | | PLAINTIFF |
| V. | NO. | 3:23-cv-457-KHJ-MTP |
| BOARD OF SUPERVISORS OF RANKIN COUNTY, MISSISSIPPI | | DEFENDANT |

## COMPLAINT FOR MONEY DAMAGES

Plaintiff BellSouth Telecommunications, LLC d/b/a AT&T Mississippi ("AT&T") files this Complaint for money damages against the Board of Supervisors of Rankin County, Mississippi ("Rankin County") as follows:

## PARTIES

1. Plaintiff BellSouth Telecommunications, LLC d/b/a AT&T Mississippi is a Georgia limited liability company authorized to conduct business in the State of Mississippi. AT&T provides communication services to residential, commercial, and governmental customers throughout Rankin County.

2. Defendant Board of Supervisors of Rankin County, Mississippi ("Rankin County" or "the County") is a political subdivision of the State of Mississippi.

## JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because (i) Plaintiff BellSouth Telecommunications, LLC d/b/a AT&T Mississippi is a Georgia limited liability company, and its first corporate or individual member in the chain of ownership, BellSouth, LLC, is a Georgia corporation with a principal place of business in Georgia;[1] (ii)

---

[1] BellSouth Telecommunications, LLC, AT&T Mississippi, is a Georgia limited liability company whose sole member is BellSouth, LLC. BellSouth, LLC is a Georgia limited liability

defendant is a citizen of Mississippi; and (iii) the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Additionally, federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged claims arising under the United States Constitution and 42 U.S.C. § 1983.

5. This Court has supplemental jurisdiction over claims arising under the Mississippi Constitution pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district, and the County is located in this district.

## FACTUAL ALLEGATIONS

7. In 1991 and 1992, AT&T purchased a series of easements from private property owners to construct, install and maintain communications facilities on, over and under Andrew Chapel Road in Rankin County ("County") in order to benefit the public and provide communications services to Rankin County's residents and businesses (the "Easements"). Exhibit A.

8. AT&T subsequently installed, maintained, and upgraded communications facilities in the Easements along Andrew Chapel Road (the "Facilities"), incurring substantial financial investment to do so. AT&T's communications networks provide 911 communications, many of

---

company whose sole member is AT&T DataComm, L.P. AT&T DataComm, L.P. is a Delaware limited partnership jointly owned by AT&T DataComm Holdings, LLC (99.99% limited partner) and BellSouth Mobile Data, Inc. (0.01% general partner). AT&T DataComm Holdings, LLC is a Delaware limited liability company, whose sole member is BellSouth Mobile Data, Inc., a Georgia corporation with a principal place of business in Georgia. The parent company of BellSouth Mobile Data, Inc. is AT&T Inc., a publicly-held corporation.. There is no one person or group that owns 10% or more of the stock of AT&T Inc. *See e.g. Rolling Greens MHP LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (citizenship of an LLC is determined by the citizenship of its members).

which are critical to the delivery of emergency and lifesaving services, as well as residential and business data and voice communications.

9. For some time (upon information and belief, since at least 2008), the County had been planning a County road-widening project on Andrew Chapel Road (the "Project").

10. In a December 2019 meeting, the County notified AT&T that it would be required to relocate its facilities from the Easements into the public right-of-way to accommodate the Project.

11. In September 2020, AT&T provided the County with an estimate of its relocation expenses relating to the Project. The total estimated cost was $210,128.00, of which the County would be responsible for $163,900.00, reflecting the cost of moving Facilities located in the Easements, and AT&T would be responsible for $46,228.00, relating to the costs of moving Facilities located in the public right-of-way.

12. AT&T's estimate made clear that in addition to not seeking reimbursement for moving Facilities from the public right-of-way, it was not seeking reimbursement for "betterment"– i.e., work not directly related to relocation but instead related to upgrade and/or modernization of equipment.

13. The County ultimately issued a general obligation bond to fund the Project. Despite having actual knowledge of AT&T's Easements and Facilities, and despite having 12 years to plan, the County's bond process did not include any funds for and made no provision to compensate AT&T for the taking of its Easements and Facilities that the County intended. As the County's Board Attorney explained in an October 20, 2020 e-mail:

> From: [Board Attorney] Craig Slay
> To: [AT&T State Director] Michael Walker
>
> Mr. Michael Walker:

> You emailed me today asking me to explain why Rankin County has placed <u>all</u> of AT&T's permit requests in suspense. By way of explanation, I am transmitting for your review the below email from James Franklin to Rankin County dated September 30, 2020, along with the attachment hereto.
>
> In summary, all AT&T permits have been placed in suspense because AT&T is intending to charge Rankin County the sum of approximately $210,000[2] in relocation costs associated with the Andrew Chapel Road Project. This road project has been planned by Rankin County for over 12 years. Roughly one year ago, my Board issued a general obligation bond that FINALLY set in motion the construction of this incredibly important road project. In December 2019, Rankin County convened a meeting with all utilities that have infrastructure along Andrew Chapel Road and advised all utilities to begin implementing the relocation of all lines. Over 9 months later, AT&T sends Rankin County a demand for $210,000 in "costs." This is totally unacceptable. Rankin County tax payers should not bear any of this burden. This project has a finite amount of funds assigned to it. There are no funds to pay this demand.
>
> Until AT&T reconsiders and rescinds this demand, <u>no</u> Rankin County permits will be issued to AT&T.

Exhibit B.

14. As the October 20, 2020 e-mail further provides, Rankin County also refused to issue AT&T nine permits necessary to construct its facilities and provide service, expressly because AT&T sought reimbursement for its relocation costs. As a result, AT&T filed a mandamus petition in Mississippi state court to require the County to comply with its duty to issue AT&T's permits. *BellSouth Telecommunications, LLC d/b/a AT&T Mississippi v. Board of Supervisors of Rankin County, Mississippi*, Case No. 61CI1:20-cv-00306-JA, in the Circuit Court of Rankin County, Mississippi. The permitting issue was subsequently resolved, the permits that had been withheld were issued, and the state court litigation was dismissed, , and the parties agreed to hold AT&T's claims related to the payment of relocation expenses in abeyance to be pursued at a later time if needed.

---

[2] AT&T is actually seeking $163,900 for engineering time, AT&T labor, contractor placing costs, and material.

15. AT&T performed the relocation work required by the County along Andrew Chapel Road. The final cost of relocation from the Easements was $165,673.66.

16. AT&T has made demands for payment for its costs incurred in relocating its Facilities from its Easements.

17. The County has repeatedly refused AT&T's payment demands.

**Count I: Violation of the Takings Clause of the United States Constitution**

18. The preceding paragraphs are incorporated as if restated here.

19. The Fifth Amendment to the United States Constitution provides that "no person shall . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

20. The Fourteenth Amendment to the United States Constitution applies the Fifth Amendment to the County.

21. The County's actions, both facially and as applied to AT&T, unreasonably interfere with AT&T's right to use and enjoy its property interest in the Easements in violation of property rights secured by the Fifth and Fourteenth Amendments.

22. The United States Code provides a right of action against a county that "subjects, or causes to be subjected to, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983.

23. AT&T has a cause of action against the County under Section 1983. The County's proposed relocation of AT&T's Facilities in the Easements constitutes a taking and appropriation of AT&T's property for public purposes without payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

24. AT&T is entitled to an order requiring the County to compensate AT&T for the relocation of the Facilities.

25. Despite requests to do so, the County has failed and refused to compensate AT&T for the movement of the Facilities as it is required to do when taking AT&T's property.

26. As a result of the County's failure to compensate AT&T for the relocation of the Facilities, AT&T requests this Court require the County to properly compensate AT&T for the taking effectuated by the County.

27. The County's actions have unreasonably interfered with AT&T's distinct investment-backed expectations in the Easements.

28. The deprivation of AT&T's property rights secured by the Fifth and Fourteenth Amendments was inflicted under color of state law and pursuant to official County policy.

29. As a direct and proximate result of the of the County's actions and inactions, AT&T has suffered and will continue to suffer financial injury.

30. The County's violation of the Takings Clause of the Fifth Amendment to the United States Constitution has caused AT&T numerous measures of damage, including but not limited to its relocation expenses; all attorney's fees incurred in prosecuting this action; and other measures of damages to be proven during discovery and at trial.

### Count II:  Violation of the Takings Clause of the Mississippi Constitution

31. The preceding paragraphs are incorporated as if restated here.

32. The Mississippi Constitution provides that "Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law[.]" Miss. Const. art. 3, § 17.

33. Further, the Mississippi Legislature has expressly provided that AT&T is entitled to the costs of relocation under the circumstances. Miss. Code Ann. §§ 43-37-11; 43-39-7.

34. The County has taken AT&T's Easements by requiring the relocation of the Facilities.

35. The County contends that it has taken the Easements for public use – i.e., the Project.

36. The County has not paid AT&T for the taking of AT&T's property.

37. The County's actions amount to a taking of AT&T's property without compensation.

38. The County's violation of the Takings Clause of the Mississippi Constitution has caused AT&T numerous measures of damage, including but not limited to, its relocation expenses; all attorney's fees incurred in prosecuting this action; and other measures of damages to be proven during discovery and at trial.

**Count III: Violation of the Contract Clause of the United States Constitution**

39. The preceding paragraphs are incorporated as if restated here.

40. The United States Constitution prohibits the County from passing any "[l]aw impairing the obligation of contracts." U.S. Const. art. I, § 10, cl. 1.

41. As set forth above, by requiring that AT&T remove its Facilities that were the subject of AT&T's Easements, the County impaired AT&T's contractual rights under the Easements.

42. The County's actions violate AT&T's rights under the Contract Clause of the United States Constitution, and AT&T has a cause of action against the County under Section 1983.

43. The County's violation of the Contract Clause of the United States Constitution has caused AT&T numerous measures of damage, including but not limited to, its relocation expenses; all attorney's fees incurred in prosecuting this action; and other measures of damages to be proven during discovery and at trial.

**Count IV: Violation of the Contracts Clause of the Mississippi Constitution**

44. The preceding paragraphs are incorporated as if restated here.

45. The Mississippi Constitution provides that "laws impairing the obligation of contracts, shall not be passed." Miss. Const. art. 3, § 16.

46. The County has violated that provision by requiring that AT&T move its Facilities in derogation of the Easements.

47. The County's violation of the Contracts Clause of the Mississippi Constitution caused AT&T numerous measures of damage, including but not limited to its relocation expenses; all attorney's fees incurred in prosecuting this action; and other measures of damages to be proven during discovery and at trial.

WHEREFORE, AT&T for relief and damages of and from Rankin County, Mississippi, in an amount no less than $165,673.66 plus attorney's fees.

This, the 17th day of July 2023.

                                          Respectfully submitted,

                                          BELLSOUTH TELECOMMUNICATIONS, LLC
                                          d/b/a AT&T MISSISSIPPI

By: _____
D. Sterling Kidd (MSB No. 103670)
Attorney for Plaintiff

OF COUNSEL:

D. Sterling Kidd (MSB No. 103670)
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400 (39211)
P. O. Box 14167
Jackson, Mississippi 39236
Telephone:  601.351.8952
Facsimile: 601.974.8952
Email:  skidd@bakerdonelson.com